(83 Misc. Rep. 471)

### KALLMAN v. DEHLI et al.

(Supreme Court, Appellate Term, First Department. January 3, 1914.)

ASSIGNMENTS (§ 77*)—PROPERTY INCLUDED IN ASSIGNMENTS.

Plaintiff and his former partner performed work under a contract and filed a mechanic's lien therefor. In consideration of an agreement by defendants to pay the firm a certain sum for the work done and another sum for completing the work, the lien was satisfied. *Held*, that an assignment upon a dissolution of the partnership of all rights under the contract to plaintiff did not include the rights of the partnership under the second contract, which was an original contract entirely independent of the first.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 144; Dec. Dig. § 77.*]

Appeal from City Court of New York, Trial Term.

Action by Gerard Kallman against Arne Dehli and others. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Affirmed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Samuel Brand, of New York City, for appellant.

Young & Wood, of New York City (James A. Hughes, of New York City, of counsel), for respondents.

SEABURY, J.   Plaintiff sues as assignee of Gerard Kallman and George Rondeau, composing the copartnership known as G. Kallman & Co.   The copartnership performed certain work and furnished materials under a contract with the Indian Hill Company and filed a mechanics' lien against property owned by that company, for $1,675. On August 27th, plaintiff's assignors satisfied said lien in consideration of the agreement of the defendants that they would jointly and severally pay to G. Kallman & Co. the sum of $775.98 for work already done and $300 for completing the work.   On December 4, 1909, the firm of G. Kallman & Co. was dissolved, and a written agreement of dissolution was signed, wherein it was provided that:

"The said Gerard Kallman * * * is to receive and obtain for his share, and for that purpose is hereby expressly given power to collect, all or any sum or sums that may still be due and unpaid on or under a certain plastering contract with the Indian Hill Company or the Bay Counties Realty Company, said contract being for plastering done on certain houses on New York avenue, in the borough of Brooklyn, city of New York."

It is under this clause in the agreement of dissolution that the plaintiff claims to be the assignee of the cause of action set forth in the amended complaint, which cause of action arises out of the agreement of August 27, 1909.   The learned court below excluded this dissolution agreement.   This appeal presents for review the correctness of that ruling.   Whether the ruling was correct depends upon the answer to the question whether the clause quoted above includes the rights of the copartnership of G. Kallman & Co. to the contract of August 27, 1909.   In my opinion it does not.

The dissolution agreement assigned to plaintiff the rights of the copartnership under the plastering contract.   It does not assign to the plaintiff any rights under the agreement of August 27, 1909.   The agreement of dissolution was made several months after the agreement of August 27, 1909, and if it was the intention of the members of the copartnership to assign to the plaintiff the rights of the copartnership under the agreement of August 27, 1909, it is reasonable to suppose that it would have employed language expressing such an intention.   The agreement of dissolution specifically assigned the copartnership's rights under the original plastering contract with the Indian Hill Company, but it did not in express terms or by fair implication assign any rights under the agreement of August 27, 1909.

It is contended that because the copartnership filed a mechanics' lien for the amount due under the plastering contract, and because the defendants agreed, in consideration of the cancellation of the lien, to pay the amount thereof, that therefore an assignment of rights under the original plastering contract carries with it all rights under the separate independent agreement of the defendants.   The two contracts do not refer to the identical subject-matter.   The original contract with the Indian Hill Company related to the plastering work, where-

as the agreement upon which this action is brought, and which was signed by the defendant, contained a promise to pay the amount due under the original contract, and to pay for "any other extra work not included in the Indian Hill Contract." The assignment which the court excluded does not refer in any way to the agreement of August 27, 1909. The contract upon which this action is brought was not an agreement of guaranty, but was an original promise, entirely independent of the plastering contract, and was made between different parties. The assignment to the plaintiff did not cover this agreement, and was therefore properly excluded by the trial court.

The attempt of the appellant to make it appear that the court below dismissed the complaint because the plaintiff did not joint his former partner as plaintiff is without support in the record. The reason for the exclusion of the assignment, and consequently for the dismissal of the complaint, was that the assignment did not transfer to the plaintiff the cause of action alleged in the complaint. If Rondeau had been joined as a party plaintiff, there would have been no necessity for proving an assignment.

When the original complaint was served, it set forth the facts which appeared in evidence upon the last trial, and the defendant demurred to the complaint on the ground of insufficiency, and the demurrer was sustained. The plaintiff appealed from the judgment sustaining the demurrer of this respondent, and upon appeal this judgment was affirmed. Kallman v. Dehli et al., App. Term, affirmed November, 1912, without opinion. In the amended complaint, which is now before the court, the plaintiff has alleged that the cause of action therein' stated was duly assigned by the copartnership to this plaintiff. This allegation made the complaint proof against demurrer and postponed until the trial the determination as to whether the assignment transferred to the plaintiff the cause of action alleged. Upon that question the decision of this court upon the former appeal from a judgment sustaining the demurrer is a controlling authority from which there is no reason that this court should now depart. The evidence did not support the allegations of the complaint in respect to the assignment to the plaintiff, and the complaint was therefore properly dismissed.

Judgment affirmed, with costs. All concur.